# AMERICAN-HAWAIIAN ENGINEERING & CONSTRUCTION CO., A CORPORATION, *v.* TERRITORY OF HAWAII.

ORIGINAL.

ARGUED JUNE 5, 1905.          DECIDED OCTOBER 2, 1905.

FREAR, C.J., HARTWELL AND WILDER, JJ.

CONTRACT FOR CONSTRUCTING PUBLIC WORKS.

A petition claiming extras under a contract for the construction of public works and alleging that they were ordered by the Territory and the superintendent of public works, were not required by the contract, and were and became necessary in the judgment of the superintendent of public works by reason of unforeseen exigencies and errors which required more work to be done than called for, is demurrable.

Under a contract for the reconstruction of a warehouse, involving the removal of an existing structure, and providing that all old material was to be preserved and used in the construction of the new building unless unfit in the opinion of the superintendent of public works, the contractor does not acquire any right or title to any of the old material removed and appropriated by the Territory between the awarding and execution of the contract, and the Territory is not liable therefor unless said old material is fit to be used in the new structure.

## OPINION OF THE COURT BY WILDER, J.

The demurrer to the petition in this action having been sustained, 16 Haw. 711, the Territory now demurs to the amended petition on the ground that it does not state facts sufficient to constitute a cause of action.

The original petition claimed the sum of $2040.80 for extra work under a contract for rebuilding Fort street wharf, and

alleged that this extra work was performed at the request of the Territory. We hold that, as the petition did not show that the extras were furnished upon the written order of the superintendent of public works or his authorized agent, as required by the terms of the contract, it was bad on demurrer, and, even if the written order for the extras could have been waived, such waiver should have been alleged. The amended petition alleges that this extra work was ordered by the Territory and the superintendent of public works, was not required by the contract, and was and became necessary in the judgment of the superintendent of public works by reason of exigencies unforeseen when the contract was made and which could not have been foreseen and by reason of errors in the contract and its specifications which required petitioner to do more work than it otherwise would have done. It is neither alleged that the extras were furnished upon the written order of the superintendent of public works or his authorized agent, or, if it could be done, that such written order was waived. There appearing to be no reason why the former ruling should be reversed, the demurrer is sustained as to this item.

The other item attacked by the demurrer consists of a claim for $300 for the value of old material removed by the Territory between the awarding and execution of a contract for the reconstruction of the Brewer warehouse, which provided that all the old material was to be preserved, the contractor furnishing all new material needed, and none of the old material which, in the opinion of the superintendent of public works, was unfit, to be used in the new structure. The amended petition alleges that not only by the contract but by the practice and custom in the Territory a contractor contracting to remove old buildings and rebuild was entitled to the old material and old buildings. The former decision held that the contractor under this contract did not acquire any right or title to any of the old material. The amended petition also alleges that the "value of said old material for use in the new structure, so far as the same could be used under the terms of said specification, was the sum of $100." This does not meet the requirements of the former decision that

"if this material that was removed was fit to be used in the construction of the new building and in consequence of the same having been removed the contractor was under the necessity of securing other material for the new building to its damage * * * such allegations should be made." The demurrer is sustained as to this item.

The demurrer to the amended petition is sustained as to the two items mentioned.

*Castle & Withington* for petitioner.

*M. F. Prosser, assistant attorney general,* for the Territory.